HARRY NUTTER *et al.*, Plaintiffs-Appellants, *v.* WILLIAM BLAIR, Fire Commissioner of the City of Chicago, *et al.*, Defendants-Appellees.

First District (4th Division)    No. 80-2753

Opinion filed December 10, 1981.

Jacobs, Burns, Sugarman & Orlove, of Chicago, for appellants.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Frank W. Nagorka, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, certified career-service paramedics employed by the Chicago Fire Department, brought this action against the defendants in an attempt to recover overtime pay, or, in the alternative, compensatory time off for their participation in a training program held during off-duty hours. On cross-motions of the parties, the trial court entered a summary judgment which denied the plaintiffs' request for overtime pay but allowed their request for compensatory time off. The plaintiffs appeal only from the order denying overtime pay, and the defendants have not cross-appealed from the order allowing compensatory time. Consequently, the only issue involved in this appeal is whether the plaintiffs are entitled to overtime pay.

The plaintiffs alleged that at the time they were hired a minimum of 120 curriculum hours was required for initial certification as a paramedic. In the summer of 1978, the Chicago Fire Department's Bureau of Emergency Medical Services began to issue orders to paramedics that they would have to attend an "Advanced Paramedic Course," the purpose of which was to increase the number of precertification curriculum credits to a 390-hour level. They were informed that satisfactory completion of the course was a condition of their continued employment with the Chicago Fire Department.

The plaintiffs were instructed to attend the training course during

their off-duty hours. Paramedics employed by the department work the same 24-hour tours of duty as do Chicago firefighters. Their work schedule is established by section 21.003 of the Chicago Fire Department's Rules and Regulations as follows:

"The duty schedule shall be arranged in such a manner that members and employees shall not be on duty for more than 24 hours in any consecutive 72 hours, excepting that, in the event of an emergency, the Chief Fire Marshall * * * shall require members and employees to be on duty during the period of such emergency."

At the time the plaintiffs were ordered to attend the training course they were notified that because the program was compulsory "compensatory time is being offered." However, the plaintiffs alleged that no paramedic who attended the training course ever received any compensatory time off.

The plaintiffs filed suit in the circuit court to contest the defendants' authority to compel them to attend the training course and to establish their right to overtime pay as compensation for the time they spent attending the course. The defendants admitted during the course of the proceedings that they had no legal authority to require the plaintiffs to attend the course. This is because section 25.1—9 of the Chicago Municipal Code guarantees incumbent employees, such as the plaintiff career-service paramedics, that they "shall be continued in their respective positions without further examinations * * *." However, the defendants denied that they were required to give the plaintiffs overtime pay as compensation for the hours spent in the training course. They maintained that the plaintiffs were entitled only to compensatory time off. The trial court granted summary judgment in favor of the defendants, but ordered that the plaintiffs were to receive compensatory time off with the allocation of such compensatory time to be left to the defendants' good judgment. The plaintiffs subsequently brought this appeal.

The sole issue involved in this appeal concerns the form of compensation which the plaintiffs are entitled to receive for their participation in the training program. The parties are agreed upon the applicable law. They both cite *Harris v. City of Edwardsville* (1973), 11 Ill. App. 3d 438, 296 N.E.2d 637, for the proposition that public employees have no right to overtime pay unless a statute or ordinance confers such entitlement. The court in *Harris* stated that:

"An employee of a municipality cannot recover compensation for work done outside his regular hours of employment or for work done outside the scope of his regular duties unless there was an agreement by the municipal authorities to make compensation at such extra time or for such extra services or unless a statute or

charter provisions requires extra pay for overtime work." *Harris*, 11 Ill. App. 3d 438, 441, 296 N.E.2d 637, 639-40.

The plaintiffs claim that section 25—7 of the Chicago Municipal Code supplies the requisite legal authority for the payment of overtime pay. That section provides as follows:

"The rate for overtime for employees paid on a monthly or on an annual basis, unless otherwise specifically provided, shall be on the basis of fifty-one cents per hour per one thousand dollars of annual salary rate of such employees, provided that such overtime rate shall be not less than one dollar per hour, and it be further provided, that the rates herein established for overtime for the employees mentioned shall be in lieu of any other rate heretofore established."

The plaintiffs maintain that the terms of this ordinance are clear and unambiguous and require that the plaintiffs receive overtime pay, not time off in lieu of such pay. The defendants argue that section 25—7 merely sets the rate of overtime pay and does not establish when a person becomes entitled to it. They contend that municipal employees seeking to collect overtime pay still must point to an agreement or ordinance specifically entitling them to collect that rate of pay.

To support their position, the plaintiffs cite *Alewine v. City Council* (S.D. Ga. 1981), 505 F. Supp. 880, which they maintain is directly on point. In *Alewine*, bus drivers in Augusta, Georgia sued the city for overtime pay based upon a city ordinance. The court ruled in favor of the bus drivers and found the city ordinance to be "glaringly explicit," with respect to overtime pay. (*Alewine*, at 893.) The ordinance relied upon in *Alewine*, however, is clearly distinguishable from section 25—7. It specifically provided that "such time devoted by such employee in excess of a forty hour work week *shall be allowed the employee as overtime with time and one-half pay*." (Emphasis added.) (*Alewine*, at 883.) Section 25—7 contains no such explicit language.

We therefore agree with the defendants that section 25—7 is not sufficient to confer upon the plaintiffs an entitlement to overtime pay as compensation for their participation in the training program during off-duty hours. Unlike the ordinance in *Alewine* which expressly established the employees' right to receive overtime pay, section 25—7 is clear on its face and merely sets the rate of overtime pay for municipal employees.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.